# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **TRACIE JORDAN**, on behalf of herself and others similarly situated,  :  :  Plaintiff,  :  v.  :  :  **HELPING HANDS HOME CARE OF COLUMBUS LLC**,  : c/o Mohamed Hussien  : 5898 Cleveland Ave., Ste. A  : Columbus, OH 43231,  :  :  -and-  :  :  **CONTINENTAL HOME HEALTH CARE INC.**,  : c/o Mohamed Hussien  : 5898 Cleveland Ave., Ste. A  : Columbus OH 43231,  :  :  -and-  :  :  **1 AMAZING HOME HEALTH CARE LLC**,  : c/o Mohamed Ahmed  : 5898 Cleveland Ave., Ste. L2  : Columbus, OH 43231,  :  :  -and-  :  :  **MOHAMED HUSSIEN**,  : 5898 Cleveland Ave., Ste. A  : Columbus, OH 43231,  :  :  -and-  :  :  **MOHAMED AHMED**,  : 5898 Cleveland Ave., Ste. L2  : Columbus, OH 43231,  :  :  Defendants.  : | CASE NO. 2:24-cv-1289<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**JURY DEMAND ENDORSED HEREON** |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Tracie Jordan ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendants Helping Hands Home Care of Columbus LLC ("Defendant Helping Hands"), Continental Home Health Care Inc. ("Defendant Continental"), 1 Amazing Home Health Care LLC ("Defendant 1 Amazing"), Mohamed Hussien ("Defendant Hussien"), and Mohamed Ahmed ("Defendant Ahmed") (collectively "Defendants") for their collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b) while the Ohio Acts claims are asserted as a class action under Federal Rule of Civil Procedure 23. Named Plaintiff also asserts a claim under O.R.C. § 2307.60 and an individual claim for unpaid minimum wages pursuant to the Ohio Constitution, Article II, § 34(a). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, O.R.C. § 2307.60, the Ohio Constitution, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court

maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants jointly employed Named Plaintiff and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendants have done substantial business in the Southern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

4. Named Plaintiff Tracie Jordan is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

5. Defendants jointly employed Named Plaintiff in an hourly, non-exempt position from approximately 2021 until January 30, 2024.

6. At all times relevant herein, Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. Named Plaintiff brings this action on her own behalf and on behalf of those similarly situated and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consent to Join*, attached hereto as **Exhibit A**.

### B. Defendants

8. Defendant Helping Hands is a domestic limited liability company authorized to do business in Ohio.

9. Defendant Continental is a domestic corporation for profit authorized to do business in Ohio.

10. Defendant 1 Amazing is a domestic limited liability company authorized to do business in Ohio.

11. Upon information and belief, Defendant Hussien is the Chief Financial Officer (CFO) of Defendant Continental and Defendant Helping Hands and is believed to be an owner of Defendant Continental and Defendant Helping Hands. Defendant Hussien is also the statutory agent for Defendant Continental and Defendant Helping Hands.

12. Upon information and belief, Defendant Ahmed is the Chief Executive Officer (CEO) of Defendant 1 Amazing and is believed to be an owner of Defendant 1 Amazing. Defendant Ahmed is also the statutory agent for Defendant 1 Amazing.

13. Defendants collectively operate home care staffing agencies that provide direct care workers for clients who need in-home care and assistance.

14. Defendants operate their joint enterprise out of the same office complex, which is located at 5898 Cleveland Avenue, Columbus, OH 43231.

15. At all relevant times, Defendants jointly were an "employer" as that term is defined by the FLSA and the OPPA due to their employment of Named Plaintiff and those similarly situated as described herein.

16. Alternatively, Defendants form a "single employer" as a single integrated enterprise and/or joint employers of Named Plaintiff and similarly situated employees because they operate numerous entities with interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

17. Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

18. At all relevant times, Defendants have determined, shared, and/or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees. In so doing, Defendants are responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

19. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated employees.

20. At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

21. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

22. During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

23. During relevant times, Defendants benefitted from the work performed by Named Plaintiff and those similarly situated.

24. Defendants operate and control an enterprise engaged in interstate commerce by offering and providing in-home healthcare services to their clients.

25. Upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

26. Upon information and belief, Defendants have applied or cause to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA and the OPPA (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

27. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III.  FACTUAL ALLEGATIONS

28. During her employment with Defendants, Named Plaintiff worked as a home health aide. Named Plaintiff's primary duties included providing companionship services, domestic services, home care, and other in-home services to Defendants' clients.

29. Named Plaintiff regularly worked more than forty (40) hours per week for Defendants, but she was not paid one-and-one-half times (1.5x) her regular rate of pay for all overtime hours worked.

30. Defendants have failed to properly pay all overtime wages earned by Named Plaintiff and similarly situated employees.

**A.  Defendants Failed to Properly Pay All Overtime Wages Owed and Instead Paid Straight-Time Pay for Hours Worked over Forty (40) Per Workweek.**

31. Defendants do not pay their employees one-and-one-half times (1.5x) their regular rates of pay for all overtime hours worked as required by law.

32. Named Plaintiff and other similarly situated employees worked more than forty (40) hours per workweek for Defendants, but Defendants did not pay them all overtime wages earned for all overtime hours worked.

33. As a representative example, for the weekly pay period of 08/13/23 to 08/19/23, Named Plaintiff's paystub from Defendant Helping Hands shows that she worked eighty-four (84) total hours. Four (4) of those hours are denoted as "overtime" and paid at $18 one-and-one-half times (1.5x) her base hourly rate of pay, but the remaining eighty (80) hours are denoted as "hourly" and are only paid at her $12 base hourly rate of pay.

34. For the vast majority of hours worked each workweek, Defendants paid Named Plaintiff and other similarly situated employees only at their base hourly rate of pay for all hours worked each week (i.e., "straight-time" pay), including improperly compensating Named Plaintiff at the straight-time rate for those hours exceeding forty (40) per workweek.

35. Defendants therefore failed to compensate Named Plaintiff and other similarly situated employees overtime pay for all overtime hours worked as required by law.

### B. Defendants Failed to Properly Pay All Overtime Wages Owed by Issuing Named Plaintiff and Other Similarly Situated Employees Separate Paychecks.

36. Further, Defendants do not pay their employees one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek because they pay their employees through three (3) entities and distribute employees' hours worked among those entities.

37. Named Plaintiff and other similarly situated employees regularly received one paycheck from Defendant Helping Hands for some, but not all, hours worked for Defendants during a pay period. During the same pay period, Defendant 1 Amazing and/or Defendant Continental also issued one or more separate paychecks to Named Plaintiff and other similarly situated employees for the remaining hours worked for Defendants.

38. Under Defendants' policy or practice, some of the hours that Named Plaintiff and other similarly situated employees worked for Defendants were recorded and paid by Defendant Helping Hands.

39. Additional work hours that Named Plaintiff and other similarly situated employees accrued during the workweek were recorded and paid by Defendant 1 Amazing and Defendant Continental.

40. Defendants failed to properly compensate Named Plaintiff and other similarly situated employees for all overtime hours worked in excess of forty (40) per week by allocating their total hours worked for Defendants across multiple entities in order to avoid paying all overtime premium compensation owed.

41. Defendants therefore failed to pay Named Plaintiff and other similarly situated employees for all overtime wages owed when any of the three (3) entities' time tracking systems showed that Named Plaintiff's and other similarly situated employees' compensable hours were greater than forty (40) hours per workweek or when the combined total from the time tracking systems demonstrated that Named Plaintiff's and other similarly situated employees' total compensable hours worked per workweek for Defendants exceeded forty (40).

42. By paying Named Plaintiff and other similarly situated employees with separate paychecks, Defendants failed to compensate them all overtime premium earned for all overtime hours worked.

**C. Defendants Failed to Pay Named Plaintiff and Other Similarly Situated Employees for Travel Time Between Locations During Their Workdays, Resulting in Unpaid Overtime Wages.**

43. Defendants additionally failed to compensate Named Plaintiff and other similarly situated employees for travel time, including time spent traveling between clients, even though they regularly worked with more than one client each workday.

44. Named Plaintiff and other similarly situated hourly employees frequently traveled throughout their workdays, attending to multiple clients at different locations.

45. Defendants were aware of these employees' daily travel, but they failed to compensate Named Plaintiff and other similarly situated employees for such travel time.

46. Named Plaintiff and other similarly situated employees were only allowed to record the time that they spent with Defendants' clients; they were not allowed to record time spent traveling between clients during the same workday.

47. As a result of failing to compensate Named Plaintiff and other similarly situated employees for their travel time between clients within a workday, Defendants failed to pay their employees overtime wages for all compensable hours worked.

**D.    Defendant Failed to Pay Named Plaintiff Her Last Paycheck after Her Termination, Resulting in Unpaid Minimum Wages.**

48. Named Plaintiff's employment with Defendants ended on January 30, 2024.

49. Despite repeated communications with Defendants regarding her final paycheck, Named Plaintiff has still not been paid for her hours worked during her final pay period.

50. At all times relevant, Named Plaintiff was entitled to be paid at or above the statutory minimum wage for all hours worked.

51. Because Defendants have failed to pay Named Plaintiff her last paycheck or otherwise compensate her for hours worked during her final pay period, Defendants failed to compensate Named Plaintiff at or above the minimum wage and within the time period required by Ohio law for issuing such payment.

## IV. FLSA COLLECTIVE ALLEGATIONS

52. Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective, consisting of the following:

> **All current and former direct care employees of Defendants who were paid for 40 or more hours of work in one or more workweek(s), beginning 3 years prior to the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

53. Direct care employees who may be members of the FLSA Collective include but are not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their respective employment with Defendants.

54. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

55. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to companywide unlawful payroll policies and/or practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated direct care employees and is acting on behalf of their interests as well as her own in bringing this action.

56. The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified

of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

57. The net effect of Defendants' policies and/or practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members their respective overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. RULE 23 CLASS ALLEGATIONS

58. Named Plaintiff brings her Ohio Acts claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former direct care employees of Defendants who were paid for 40 or more hours of work in one or more workweeks, beginning 2 years prior to the filing of this Complaint and continuing through the final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").**

59. The Rule 23 Class similarly includes but is not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their employment with Defendants.

60. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

61. Named Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

62. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

63. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

64. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

65. Questions of law and fact are common to the Rule 23 Class.

66. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt direct care employees.

67. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

68. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

69. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to, the following: (a) whether Defendants violated the Ohio Acts by failing to pay the Rule 23 Class for hours worked, including those in excess of forty (40) hours per week; (b) whether Defendants kept accurate records of the amount of time that the Rule 23 Class Members were working each day; (c) whether Defendants calculated the Rule 23 Class Members' respective overtime rates of pay as required by the Ohio Wage Act; (d) whether Defendants' violations of the

Ohio Acts were willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and the Rule 23 Class Members on account of Defendants' violations of the Ohio Acts; and (f) what amount of prejudgment interest is due to the Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

70. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claim and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and her counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective Members.

73. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week at one-and-a-half times (1.5x) their regular rates of pay for those overtime hours worked. 29 U.S.C. § 207(a)(1).

74. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

75. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis and worked in non-exempt positions.

76. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in a workweek.

77. Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them all overtime premium earned for all overtime hours worked as a result of their FLSA-violating policies or practices.

78. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

79. Defendants knew or should have known of the overtime payment requirements of the FLSA, yet Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

80. Defendants knowingly, willfully, and jointly failed to pay Named Plaintiff and the FLSA Collective Members the overtime wages that they were due.

81. The exact amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were otherwise not kept by Defendants.

82. As a direct and proximate result of Defendants' joint conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, pre- and post-judgment

interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
### O.R.C. § 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME

83. All of the preceding paragraphs are realleged as if fully rewritten herein.

84. This claim is brought under the Ohio Wage Act.

85. Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

86. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

87. While employed by Defendants, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid overtime premium for all of this time spent working.

88. As a result of Defendants' companywide corporate policies or practices, they failed to pay Named Plaintiff and the Rule 23 Class Members overtime wages.

89. Named Plaintiff and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

90. Defendants' repeated, knowing, and joint failure to pay overtime wages to Named Plaintiff and the Rule 23 Class Members were violations of the Ohio Wage Act, and, as such, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

91. For Defendants' violations of the Ohio Wage Act, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

## COUNT III:
## O.R.C. § 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION

92. All of the preceding paragraphs are realleged as if fully rewritten herein.

93. For the relevant time period, Named Plaintiff and the Rule 23 Class Members have been employed by Defendants.

94. During relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

95. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

96. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA, Defendants also violated the OPPA.

97. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

98. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

99. As a result of Defendants' willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages as stated in Section 4113.15.

## COUNT IV:

**O.R.C. § 2307.60 – RULE 23 CLASS ACTION FOR DAMAGES**

100. All of the preceding paragraphs are realleged as if fully rewritten herein.

101. 29 U.S.C. § 216(a) of the FLSA imposes criminal penalties for willful violations.

102. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Named Plaintiff and the Rule 23 Class Members have been injured as a result.

103. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

104. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the Rule 23 Class are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT V:**
**OHIO CONST., ART. II, § 34A – NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR FAILURE TO PAY MINIMUM WAGE**

105. All of the preceding paragraphs are realleged as if fully rewritten herein.

106. This claim is brought under the Ohio Constitution.

107. Named Plaintiff was employed by Defendants, and Defendants are employers covered by the minimum wage requirements in the Ohio Constitution.

108. Defendants did not pay Named Plaintiff at the applicable minimum wage for her hours worked during her final pay period because they did not issue her final paycheck after her termination.

109. By not paying Named Plaintiff at least the applicable minimum wage for each hour worked during her final pay period, Defendants have violated the Ohio Constitution, Article II, § 34a.

110. As a result of Defendants' violations, Named Plaintiff is entitled to damages including but not limited to her unpaid wages and an additional two times (2x) the unpaid wages due under Section 34a, costs, and attorneys' fees.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Certifying the proposed Rule 23 Class under the Ohio Acts;

C. Finding that Defendants failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

D. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

E. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the Ohio Acts;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class liquidated damages allowed by the OPPA;

G. Awarding to Named Plaintiff and the Rule 23 Class compensatory and punitive damages under O.R.C. § 2307.60;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I. Awarding to Named Plaintiff, for her individual minimum wage claim, the unpaid wages for her last pay period together with any liquidated damages allowed by the Ohio Constitution;

J. Granting to Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com
       takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman