UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TRACIE JORDAN, *on behalf of herself and others similarly situated*,

               Plaintiff,

     v.

HELPING HANDS HOME CARE
OF COLUMBUS LLC, *et al.*,

               Defendants.

:

:

:

Case No. 2:24-cv-1289
Chief Judge Sarah D. Morrison
Magistrate Judge Chelsey M.
Vascura

## OPINION AND ORDER

In February 2026, the parties jointly sought approval of their collective action settlement in this Fair Labor Standards Act ("FLSA") case. (ECF No. 48.) The Court denied their request without prejudice, noting several deficiencies. (ECF No. 49.)

Now before the Court is the parties' renewed Motion for Approval (ECF No. 51). Therein, they address the identified deficiencies and ask the Court to approve their Collective Action Settlement Agreement and Release (ECF No. 48-1).

Because the Court still has concerns about whether the Settlement Agreement properly binds the Opt-In Plaintiffs, however, the parties' renewed Motion is **DENIED without prejudice**.

## I.    STANDARD OF REVIEW

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district

court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at \*2 (S.D. Ohio June 24, 2011) (Black, J.) (citation omitted). To approve a settlement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at \*3 (S.D. Ohio Dec. 2, 2016) (Dlott, J.) (applying the same analysis to an FLSA settlement).

Factors relevant to this determination include: "(1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement." *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at \*1 (S.D. Ohio Sept. 25, 2015) (Sargus, J.) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at \*3 (citation omitted). Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at \*4.

## II.     ANALYSIS

The Court previously raised two issues arising from the proposed Settlement Agreement in this case. (ECF No. 49, PAGEID ## 211–12.)

First, the Court could not discern whether the Settlement Awards "are a proration of the [Net Settlement Fund], or each Plaintiff's actual losses." (ECF No. 49, PAGEID # 211.) The parties have since confirmed that "[f]or Plaintiffs whose calculated unpaid overtime time damages exceeded \$300.00, their individual Settlement Award payments represent approximately 100% of their calculated alleged overtime damages" and that "[f]or Plaintiffs whose calculated unpaid overtime damages were less than \$300.00, they will each receive a minimum payment of \$300.00." (ECF No. 51, PAGEID # 215; Gedling Decl. ¶ 16, ECF No. 51-1.) With this clarification, approval of the individual payout amounts is warranted.

Second, the Court questioned whether it was fair and reasonable to bind the Opt-In Plaintiffs[1] to the "sweeping release" contained in the Settlement Agreement based only on their Consent to Join forms stating that they agree to be bound by any collective action settlement approved by their counsel. (ECF No. 49, PAGEID # 212.) In response to the Court's inquiry, the parties observe that the Opt-In Plaintiffs would only release their wage, hour, and related damages claims and would not be subject to a broad release of claims generally. (ECF No. 51, PAGEID ## 216–17 (citing Settlement Agmt. ¶¶ 12, 24, ECF No. 48-1).) They also argue that the Settlement Agreement may properly bind the Opt-In Plaintiffs who timely completed and submitted their Consent to Join forms. (*Id.*)

---

[1] The thirteen Opt-In Plaintiffs include Vanessa Ware, Sarah Jordan, Angela Layne, Sumer Mathias, Sylvia Carter, Amber Woods, Johnna Putnam, Develle Solomon, Carrie Straits, Sharon Donaldson, Alicia Armbruster, Jennifer Watson, and Yvonne Brandt. (*See* ECF Nos. 2-1, 10-1, 25-1–29-1, 32-1, 33-1, 41-1.)

3

The Court does not take issue with the scope of the release in terms of the types of claims encompassed. But the Sixth Circuit has yet to clarify the procedural rights afforded to opt-in plaintiffs as to settlement or the limits on a lead plaintiff's ability to enter into settlement on their behalf. "[A]n FLSA collective action is not representative—meaning that 'all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action.'" *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023) (citation omitted). Employees not named as plaintiffs "become parties to an FLSA suit (as opposed to mere recipients of notice) only after they opt in *and* the district court determines—not conditionally, but conclusively—that each of them is in fact 'similarly situated' to the original plaintiffs." *Id.* (emphasis added). "[O]nce any and all would-be plaintiffs are joined and an FLSA collective action is formed, then such party plaintiffs become free to settle their claims as they may choose." *Berner v. PharMerica Logistics Servs., LLC*, No. 3:23-CV-00142-CRS, 2024 WL 5147039, at *3 (W.D. Ky. Dec. 17, 2024); *see also Clark*, 68 F.4th at 1009 (observing that opt-in plaintiffs at that point have "the same status in relation to the claims of the lawsuit" as does the original, named plaintiff).[2]

Here, the thirteen Opt-In Plaintiffs filed Consent to Join forms providing that they "consent and agree and opt-in to become [ ] plaintiff class member[s]" in this

---

[2] The parties cite to *Lopez v. Silfex, Inc.*, No. 3:21-CV-61, 2021 WL 5795280, at *7 (S.D. Ohio Dec. 3, 2021) (Rose, J.), to support their argument that "those who have opted into the action by filing their written consent with the court to become a party plaintiff can be bound by a release (or benefit from a settlement)." But this case was decided pre-*Clark* so is less on point here.

FLSA case. (*See, e.g.*, ECF No. 2-1.) The forms provide that each Opt-In Plaintiff "agree[s] to be bound by any adjudication of this action by the Court or arbitrator, whether it is favorable or unfavorable[,]" and "agree[s] to be bound by any collective action settlement herein approved by my attorneys and approved by the Court or an arbitrator as fair, adequate, and reasonable." (*Id.*)

But the parties have not moved to maintain this case as a collective action. Nor did they seek the Court's permission to issue court-facilitated notice to other potential opt-in plaintiffs prior to settlement, meaning there has been no determination (even preliminarily) of similarly situatedness.[3] Considering these points, the Court is not convinced that the Representative Plaintiff (Ms. Jordan) may properly act in that capacity to settle the case on behalf of the Opt-In Plaintiffs, so the Court is not inclined to approve a settlement purporting to bind the Opt-In Plaintiffs based on a Settlement Agreement signed only by the Representative Plaintiff. *See, e.g.*, *Ebright, et al., v. Universal Entertainment LLC dba The King of Clubs, et al.*, No. 24-cv-4165 (S.D. Ohio Oct. 7, 2025) (Watson, J.); *see also Walencik v. Kostal Kontakt Systeme, Inc.*, No. 24-11713, 2025 WL 2428878, at *2 (E.D. Mich. July 17, 2025) ("Because of the procedural strictures attendant to FLSA actions, courts have observed that approval of an FLSA settlement requires a finding that 'all plaintiffs are similarly situated.'") (citation omitted).

---

[3] Moreover, the Opt-In Plaintiffs consented to be bound by a settlement several months (and, in some instances, years) before settlement was actually reached in this case, so the Court hesitates to blindly credit their blanket approval of any settlement blessed by their attorneys without the appropriate steps.

## III.  CONCLUSION

For the reasons stated above, the Court **DENIES without prejudice** the parties' renewed Motion for Approval (ECF No. 51). At this juncture, the parties may either (1) move for and obtain permission from the Court to maintain this case as a collective action[4] and to allow the Representative Plaintiff to serve as the representative, after which they may seek approval of their settlement; or (2) obtain the Opt-In Plaintiffs' signatures on the Settlement Agreement (or on another document demonstrating their knowledge of and agreement with the settlement), which would obviate the need for any Court approval of the settlement and permit the parties to file a stipulated dismissal.

The parties are **ORDERED** to file a joint status report on the status of this case **WITHIN THIRTY (30) DAYS** of the date of this Opinion and Order, unless the parties, in the interim, move to maintain this case as a collective action or secure each Opt-In Plaintiff's signature on the Settlement Agreement or other similar document and thereafter file a stipulated dismissal averring that all signatures were so obtained.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] This will include conclusively proving to the Court that the Opt-In Plaintiffs are similarly situated to the Representative Plaintiff.

6